Under Vernon's Ann. Code Cr. Proc. 1916, art. 167, requiring the writ of habeas corpus to be made returnable in the county of commission of the offense, a habeas corpus proceeding seeking bail must be made returnble in the county where the offense was committed.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 58, 59, 80.]

Appeal from District Court, Baylor County; J. H. Milam, Judge.

Habeas corpus by Will Mitchell, seeking bail. From an order denying bail, relator appeals. Judgment set aside.

E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. This is an appeal from a habeas corpus hearing denying bail. Mr. Mitchell was indicted by the grand jury of Knox county, charging him with murder in that county. By proper order of the district court of that county the venue of the case was changed to Baylor county. Both counties are in the same district, and Judge J. H. Milam, the judge of the judicial district, of which both counties are a part. After the venue had been so changed, Mr. Mitchell applied for a writ of habeas corpus, seeking bail. Judge Milam granted the writ, and

had the trial in Baylor county, and the order denying bail was made in that county.

The Assistant Attorney General has made a motion to dismiss the appeal because the district judge had no jurisdiction to hear and decide the cause of habeas corpus in Baylor county.

The writ was properly granted, but the statute (article 167, C. C. P.) requires the writ be made returnable in the county where the alleged offense has been committed. This statute has uniformly been held to be mandatory as shown by the decisions noted in 2 Vernon's Crim. Statutes, p. 107.

It is therefore the order of this court that the judgment of Judge Milam refusing bail will be set aside and the writ of habeas corpus will be made returnable in Knox county when Judge Milam will designate the time of hearing in that county and make such orders as to notice and witnesses as will secure a speedy hearing.

Ordered accordingly.

---

DEANDO v. STATE.   (No. 4535.)

(Court of Criminal Appeals of Texas.
June 20, 1917.)

CRIMINAL LAW ☞1092(11)—APPEAL—RECORD
—SUFFICIENCY.

A bill of exceptions not approved by the judge cannot be considered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2837, 2841.]

Appeal from Kinney County Court; Jos. Veltmann, Judge.

Ramon Deando was convicted of assault, and he appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of simple assault; his punishment being assessed at a fine of $20.

The record is before us without a statement of facts. There is a bill of exceptions in the record, but it is not approved by the judge. This bill reserves exception to a certain phase of the charge of the court. The bill cannot be considered because not approved.

There being no matter presented that can be reviewed, the judgment will be affirmed.

---

WILSON v. STATE.   (No. 4541.)

(Court of Criminal Appeals of Texas.
June 20, 1917.)

CRIMINAL LAW ☞1086(13) — DISMISSAL OF
APPEAL—FAILURE TO SHOW JUDGMENT IN
RECORD.

Where no sentence or final judgment was shown in the record, the appeal will be dismissed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2768, 2769, 2772.]

Appeal from District Court, Bosque County; O. L. Lockett, Judge.

Harry Wilson was convicted of perjury, and appeals. Appeal dismissed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. This is an appeal from a conviction for perjury, and the lowest punishment assessed.

When appellant's motion for a new trial was overruled, he then gave notice of appeal, which was duly entered at the time in the minutes of the court. There is no sentence—final judgment—in the record. The Assistant Attorney General's motion to dismiss the appeal will therefore be granted.

Appeal dismissed.